**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| SKANSKA USA BUILDING, INC., | § | CIVIL ACTION No.: 21-cv-596 |
| | § | |
| Plaintiff, | § | COMPLAINT AND JURY DEMAND |
| | § | |
| vs. | § | |
| | § | |
| TRANSPORTATION INSURANCE | § | |
| COMPANY; CONTINENTAL | § | |
| CASUALTY COMPANY; BITCO | § | |
| GENERAL INSURANCE | § | |
| CORPORATION f/k/a BITUMINOUS | § | |
| CASUALTY CORPORATION; PELEUS | § | |
| INSURANCE COMPANY f/k/a COLONY | § | |
| NATIONAL INSURANCE COMPANY | § | |
| | § | |
| Defendants | § | |

**COMPLAINT SEEKING DECLARATORY RELIEF; BREACH OF CONTRACT;
VIOLATION OF TEX. INS. CODE § 542.058; AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SKANSKA USA BUILDING INC. ("Plaintiff" or "Skanska") files this Complaint against Defendants PELEUS INSURANCE COMPANY f/k/a COLONY NATIONAL INSURANCE COMPANY ("Colony"), BITCO GENERAL INSURANCE CORPORATION f/k/a BITIUMINOUS CASUALTY CORPORATION ("Bitco"), TRANSPORTATION INSURANCE COMPANY ("Transportation"), and CONTINENTAL CASUALTY COMPANY ("Continental") (collectively, "Defendants"). In support thereof, Plaintiff would show the Court as follows:

1

**I.**
**NATURE OF THE ACTION**

1.     Plaintiff seeks declaratory judgement under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a); monetary relief for Defendants' breach of contract and violation of Texas Insurance Code § 542.058; and attorneys' fees and costs under Texas Civil Practice & Remedies Code § 38.001 and Texas Insurance Code § 542.060; and such other relief as this court deems appropriate.

**II.**
**PARTIES**

2.     Skanska USA Building, Inc. was and is an entity formed and existing under the laws of the State of Delaware, with its principal place of business located at 350 Fifth Avenue, 32nd Floor, New York, New York 10118.

3.     Transportation Insurance Company was and is an entity formed and existing under the laws of the State of Illinois, with its principal place of business located at 151 N. Franklin Street, Chicago, IL 60606.

4.     Continental Casualty Insurance Company was and is an entity formed and existing under the laws of the State of Illinois, with its principal place of business located at 151 N. Franklin Street, Chicago, IL 60606.

5.     BITCO General Insurance Corporation f/k/a Bituminous Casualty Corporation was and is an entity formed and existing under the laws of the State of Illinois, with its principal place of business located at 3700 Market Square Circle, Davenport, IA 52807.

6.     Peleus Insurance Company f/k/a Colony National Insurance Company, was and is an entity formed and existing under the laws of the State of Virginia, with its principal place of business located in the State of Texas.

2

## III.
## JURISDICTION AND VENUE

7.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b)(1) because this is the jurisdiction in which Defendants, and each of them individually conduct business, and because a substantial part of the events or omissions giving rise to the claims against the Defendants, and each of them individually, occurred in Bexar County.

## IV.
## FACTUAL BACKGROUND

9.      Skanska is engaged in the business of providing general contractor services for various construction projects, including the Hills Residences Project.

10.     Defendants, and each of them individually, are insurance carriers engaged in the business of providing commercial general liability ("CGL") coverage to general contractors and subcontractors, including Skanska and its subcontractor JLG Structures, Inc. ("JLG").

11.     Defendants, and each of them individually, entered into insurance contracts with JLG (collectively, the "Policies" and, each individually, a "Policy") and, in consideration of premiums paid by JLG, agreed to provide commercial general liability coverage, including a defense and indemnity for sums JLG becomes obligated to pay for property damage caused by an occurrence pursuant to the terms of each of the respective Policies.

12.     In addition, Defendants, and each of them individually, agreed to provide additional insured coverage to Skanska, as required by the written subcontract between JLG and Skanska, including a defense and indemnity for sums Skanska becomes legally obligated to pay as damages

3

because of property damage caused by an occurrence pursuant to the terms of each of the respective Policies.

13.    Because the Policies provide additional insured coverage to Skanska as required by written contract, any such written contract is incorporated in the *four-corners* of the Policies, and each of them individually.

### The Colony Policies

14.    Colony issued a primary commercial general liability policy to JLG, referenced as policy number AR53606441 (the "Primary Colony Policy"), and an excess commercial general liability policy, reference as policy number AR54607131 (the "Excess Colony Policy") (collectively, the "Colony Policies").

15.    The Colony Policies have an effective policy period of December 31, 2008, to December 31, 2009.

16.    The Primary Colony Policy provides limits of liability of $1,000,000 per occurrence; $2,000,000 in the aggregate; and $2,000,000 for the products-completed operations aggregate.

17.    The Excess Colony Policy provides limits of liability of $5,000,000 per occurrence and $5,000,000 in the aggregate, which apply upon exhaustion of the limits of liability provided by the Primary Colony Policy.

18.    The Colony Policies provide third-party liability coverage for sums the insureds become legally obligated to pay as damages because of property damage caused by an occurrence.

19.    Skanska is an additional insured under the Colony Policies as required by its subcontract with JLG.

20.    As an additional insured under the Colony Policies, Skanska is entitled to coverage for a defense and indemnity for sums it becomes legally obligated to pay as damages because of

property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, JLG's work.

### The Bitco Policies

21.   Bitco issued five (5) separate primary commercial general liability policies to JLG, referenced as policy numbers: CLP3269954, CLP3547139, CLP3563814, CLP3581075, and CLP3597491 (the "Primary Bitco Policies"), and five (5) corresponding excess/umbrella commercial general liability policies, referenced as policy numbers CUP2585613, CUP2589454, CUP2590914, CUP2802456, and CUP2803972 (the "Excess Bitco Policies") (collectively, the "Bitco Policies").

22.   The Bitco Policies provide coverage on an annually renewing basis from the policy period beginning December 31, 2009, through December 31, 2014.

23.   Upon information and belief, each of the Primary Bitco Policies provide limits of liability of $1,000,000 per occurrence; $2,000,000 in the aggregate; and $2,000,000 for the products-completed operations aggregate.

24.   Upon information and belief, each of the Excess Bitco Policies provides limits of liability of $5,000,000 per occurrence and $5,000,000 in the aggregate, which apply upon exhaustion of the limits of liability provided by its corresponding Primary Bitco Policy.

25.   The Bitco Policies provide third-party liability coverage for sums the insureds become legally obligated to pay as damages because of property damage caused by an occurrence.

26.   Skanska is an additional insured under the Bitco Policies as required by its subcontract with JLG.

27.   As an additional insured under the Bitco Policies, Skanska is entitled to coverage for a defense and indemnity for sums it becomes legally obligated to pay as damages because of

property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, JLG's work.

**The Transportation Insurance Policies**

28.   Transportation issued a commercial general liability policy to JLG, referenced as policy number 6023647953 (the "Transportation Policy").

29.   The Transportation Policy has an effective policy period of December 31, 2015, to December 31, 2016.

30.   The Transportation Policy provides limits of liability of $1,000,000 per occurrence; $2,000,000 in the aggregate; and $2,000,000 for the products-completed operations aggregate.

31.   The Transportation Policy provides third-party liability coverage for sums the insureds become legally obligated to pay as damages because of property damage caused by an occurrence.

32.   Skanska is an additional insured under the Transportation Policy as required by its subcontract with JLG.

33.   As an additional insured under the Transportation Policy, Skanska is entitled to coverage for a defense and indemnity for sums it becomes legally obligated to pay as damages because of property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, JLG's work.

**The Continental Policy**

34.   Continental issued a commercial general liability policy to JLG, referenced as policy number 6023647953 (the "Continental Policy").

35.   The Continental Policy has an effective policy period of December 31, 2016, through December 31, 2017.

36.    The Continental Policy provides limits of liability of $1,000,000 per occurrence; $2,000,000 in the aggregate; and $2,000,000 for the products-completed operations aggregate.

37.    The Continental Policy provides third-party liability coverage for sums the insureds become legally obligated to pay as damages because of property damage caused by an occurrence.

38.    Skanska is an additional insured under the Continental Policy as required by its subcontract with JLG.

39.    As an additional insured under the Continental Policy, Skanska is entitled to coverage for a defense and indemnity for sums it becomes legally obligated to pay as damages because of property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, JLG's work.

## The Project

40.    On or about May 11, 2009, Skanska entered into a contract with Blue Skies of Texas, Inc. ("Blue Skies") (f/k/a/ Air Force Villages, Inc.) to serve as the Construction Manager at Risk in connection with the construction of several buildings on Blue Skies' campuses, including the Hills Residences consisting of three multi-storied apartment buildings located in San Antonio, Texas (the "Project").

41.    On or about October 12, 2009, Skanska entered into a written subcontract agreement with JLG, under which JLG agreed to perform certain work on the Project, including work on and/or related to the vapor barrier, as well as granular fill in crawl spaces (the "Subcontract Agreement").

42.    Specifically, pursuant to Exhibit A of the Subcontract Agreement and under the subheading entitled "Specific Requirements and Scope of Work," JLG agreed to "[f]urnish and install vapor barrier as indicated on the contract documents" and to "provide 4" granular fill in the

(3) three crawl spaces for an ADD of $26,400.00."

43.    In addition, the Subcontract Agreement obligated JLG to procure and maintain commercial general liability insurance, providing additional insured coverage to Skanska for, among other things, damages that Skanska becomes legally obligated to pay because of property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, the work performed by JLG.

44.    In accordance with the Subcontract Agreement, JLG did procure such commercial general liability insurance with additional insured coverage for Skanska, including the Policies described in paragraphs 14 through 39 above.

45.    In or about 2018, Blue Skies discovered interior walls cracking in the three buildings comprising the Project.

46.    On or about September 11, 2019, Blue Skies filed a complaint against Skanska and other defendants in the 438th Judicial District Court of Bexar County, Texas, under the caption Blue Skies of Texas Inc. v. Skanska USA Building Inc., No. 2019-CI-19089, to recover damages associated with repairs necessary to address the property damage at the Project, including the cracked interior walls (the "Blue Skies Action").

47.    The Blue Skies Action alleges that the distress in one of the buildings (the Dallas Building) "was caused by an improperly installed service water supply pipe which resulted in a slow leak which ultimately caused long term soil settlement at the southeast corner pier of the Dallas Building."

48.    The Blue Skies Action also alleges that "poor grading in the crawlspaces of the building [ ] prevented the French Drain from operating as intended," a deficiency that "was exacerbated by placement of a vapor barrier over the French Drain which impeded its functionality.

The crawl space also had inadequate clearance under the plumbing lines in contradiction to the recommendation of the geotechnical engineer."

49.     On or about July 29, 2020, Blue Skies filed a First Amended Original Petition, which clarified that the deficiency with the French Drain "was exacerbated by the placement, *by a subcontractor of Skanska*, of a vapor barrier over the French Drain and installed without properly securing the barrier around penetrations and up the wall."

50.     The allegations asserted in the Blue Skies Action, including but not limited to those described in paragraphs 46 through 49 above, allege that Skanska is liable for damages because of (among other things) cracking walls arising from, and/or caused in whole or in part by, improper grading in the crawl space, and/or improper placement of a vapor barrier "by a subcontractor of Skanska."

51.     The subcontractor referenced in the Blue Skies Action is JLG, as JLG was Skanska's subcontractor for the vapor barrier and crawl space work at issue.

52.     Accordingly, the Skanska-JLG subcontract is incorporated by reference into the *four-corners* of the complaint for the Blue Skies Action.

53.     The subcontract is also incorporated into the *four-corners* of the Policies, and each of them individually, which confer additional insured status to Skanska as required by written contract.

54.     As such, the allegations in the Blue Skies Actions allege that Skanska is liable for damages because of property damage caused by an occurrence and arising from, and/or caused in whole or in part by, the work performed by JLG as covered under the terms of the Policies described in paragraphs 14 through 39 above.

55.     Skanska tendered written notice of a claim to Defendants, and each of them

individually, seeking coverage under each of the Policies for its defense and indemnity related to the Blue Skies Action.

56.   Skanska has satisfied all conditions under the Policies and is therefore entitled to coverage for its defense and indemnity related to the Blue Skies Action.

57.   Defendants, and each of them individually, have expressly disclaimed and/or otherwise failed to fulfill their respective duties under the Policies, giving rise to a breach of contract and an actual, present, and justiciable controversy involving the parties' rights and duties under the Policies.

58.   As a result of Defendants' actions, including the actions of each of them individually, Skanska has and will continue to suffer damages.

## V.
## CAUSES OF ACTION

### A.   BREACH OF CONTRACT FOR THE DUTY TO DEFEND AGAINST ALL DEFENDANTS

59.   Plaintiff hereby incorporates paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.   Defendants, and each of them individually, duly executed and delivered to Plaintiff their respective insurance Policies in consideration for premiums paid.

61.   The Policies, and each of them individually, are valid and enforceable written contracts of insurance which were in full force and effect at all relevant times referenced herein.

62.   Plaintiff is, and at all relevant times was, in compliance with all conditions precedent for coverage under the Policies, and each of them individually, including, but not limited to, having provided timely notice of Claims.

63.   Defendants, and each of them individually, are obligated pursuant to the terms of

their respective Policies, to defend Plaintiff against a suit seeking damages because of property damage caused in whole or in part by and/or arising out of work performed by JLG.

64.   Despite demands, Defendants, and each of them individually, have unreasonably refused and/or otherwise failed to provide Plaintiff with a defense under the respective Policies.

65.   Defendants, and each of them individually, refusing and/or failing to provide coverage benefits due and owing to Plaintiff under the respective Policies constitutes a breach of the Policies.

66.   As a result of Defendants, and each of them individually, breaching the respective Policies, Plaintiff has suffered damages and will continue to suffer damages in the future.

67.   Plaintiff respectfully requests this Court issue an award for an amount equal to the damages that Skanska has suffered, and will continue to suffer, as a result of the Defendants' (and each of their individual) breaches, including attorneys' fees and costs incurred for Skanska's defense of the Blue Skies Action.

68.   Pursuant to Texas Civil Practice & Remedies Code § 38.001, Plaintiff also respectfully requests this Court issue an award of costs and attorneys' fees related to the present action.

**B.     DECLARATORY JUDGEMENT FOR THE DUTY TO DEFEND AGAINST ALL DEFENDANTS**

69.   Plaintiff hereby incorporates paragraphs 1 through 68, inclusive, as though fully set forth herein.

70.   A dispute has arisen between Plaintiff and Defendants, and each of them individually, regarding whether Defendants are obligated to provide Plaintiff with a defense pursuant to the terms of the respective Policies.

71.   An actual case and justiciable controversy exists regarding the obligations of

Defendants, and each of them individually, under the respective Policies regarding Defendants' duty to defend.

72.    Pursuant to 28 U.S.C. § 2201(a), Plaintiff respectfully requests that this Court declare that Defendants, and each of them individually, are obligated to defend Plaintiff with respect to the Blue Skies Action.

## C.    DECLARATORY JUDGEMENT FOR THE DUTY TO INDEMNIFY AGAINST ALL DEFENDANTS

73.    Plaintiff hereby incorporates paragraphs 1 through 72, inclusive, as though fully set forth herein.

74.    A dispute has arisen between Plaintiff and Defendants, and each of them individually, regarding whether Defendants are obligated to indemnify Plaintiff for sums it becomes legally obligated to pay as damages because of property damage caused in whole or in part by and/or arising out of JLG's work pursuant to the terms of the respective Policies.

75.    An actual case and justiciable controversy exists regarding the obligations of Defendants, and each of them individually, under the respective Policies regarding Defendants' duty to indemnify.

76.    Pursuant to 28 U.S.C. § 2201(a), Plaintiff respectfully requests that this Court declare that Defendants, and each of them individually, are obligated to indemnify Plaintiff with respect to the Blue Skies Action.

## D.    VIOLATION OF TEXAS' PROMPT PAYMENT OF CLAIMS ACT

77.    Plaintiff hereby incorporates paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.    The Texas Prompt Payment of Claims Act (including Texas Insurance Code § 542.058) requires insurers to pay claims within sixty (60) days of receiving all items, statements,

and forms reasonably requested and required under Tex. Ins. Code § 542.055.

79.    Defendants, and each of them individually, have failed to pay Plaintiff's defense costs due under their respective Policies, in violation of Tex. Ins. Code § 542.058.

80.    Pursuant to Tex. Ins. Code § 542.060, Plaintiff, as the holder and/or beneficiary of each Policy described in paragraphs 14 through 39 above, seeks recovery of defense costs Plaintiff has incurred in connection with the Blue Skies Action, which constitutes a "claim" within the meaning of Tex. Ins. Code § 542.060 and Tex. Ins. Code § 542.051, plus interest on the amount of the defense costs at the rate of 18 percent a year as damages, together with reasonable and necessary attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays that upon a trial on the merits, the Court enter judgement in favor of Plaintiff against Defendants, and each of them individually, as follows:

a.    All direct, actual, and consequential damages resulting from Defendants', and each of their individual, breach of their respective Policies;

b.    A declaration that Defendants, and each of them individually, are obligated to provide Plaintiff with a defense with respect to the Blue Skies Action;

c.    A declaration that Defendants, and each of them individually, are obligated to indemnify Plaintiff with respect to the Blue Skies Action;

d.    All direct, actual, and consequential damages resulting from Defendants', and each of their individual, violation of the Texas Insurance Code § 542.058.

e.    Attorneys' fees and costs pursuant to Texas Civil Practice & Remedies Code § 38.001 and Texas Insurance Code § 542.060.

f.    Pre-judgement and post-judgement interest as permitted by law;

g.      All costs of Court; and

h.      Such other relief, at law or in equity, to which Plaintiffs are justly entitled.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action of all issues so triable.


Respectfully submitted,

SAXE DOERNBERGER & VITA P.C.

Dated: July 22, 2021                By:  /s/ Jeremiah M. Welch_____
                                                          Jeremiah M. Welch
                                                            Texas State Bar No.24094391
                                                            2 BetterWorld Circle, Suite 200
                                                            Temecula, CA 92590
                                                            Telephone: (951) 365-3147
                                                            Fax: (213) 784-9073
                                                            Email: jwelch@sdvlaw.com

                                                            Attorneys for Plaintiff,
                                                            *Skanska USA Building Inc.*